*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0805**

State of Minnesota,
Respondent,

vs.

Charles Micheal Serna,
Appellant.

**Filed May 16, 2016
Affirmed
Connolly, Judge**

Chippewa County District Court
File No. 12-CR-14-304

Lori Swanson, Attorney General, Michael Everson, Assistant Attorney General, St. Paul, Minnesota; and

David Gilbertson, Chippewa County Attorney, Montevideo, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Suzanne M. Senecal-Hill, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Reilly, Presiding Judge; Connolly, Judge; and Stauber, Judge.

UNPUBLISHED OPINION

**CONNOLLY**, Judge

Appellant challenges his convictions of second-degree and third-degree controlled substance crimes, arguing that the district court erred in denying his motion to suppress the evidence and that the evidence was insufficient to sustain his convictions. Because we see no error in the denial of the motion to suppress and sufficient evidence sustains appellant's convictions, we affirm.

## FACTS

At about 2:00 a.m. on June 2, 2014, an officer on patrol noticed an unoccupied car in a parking lot, directly in front of the entrance to a convenience store, with the driver's door open and the keys in the ignition. The officer drove into the lot and saw appellant, for whom the officer knew a felony warrant had been issued, inside the store buying some pizza. As the officer entered, appellant took his belongings to a bathroom at the back of the store and locked himself in. The officer verified appellant's identity by showing appellant's photograph to a store employee and summoned another officer for assistance.

The officer then walked to the bathroom, knocked, and said he was a police officer with a warrant for appellant's arrest. Appellant denied that he was the person named on the warrant. After appellant had been in the bathroom about five minutes, the other officer arrived; the two officers unlocked the door and found appellant, fully dressed and eating his pizza. They arrested him.

When they checked the registration on the car in front of the store's door, they found it belonged to a person whom appellant identified as his fiancée. Appellant denied driving

2

the car to the store and said he had walked there. No other customers were in or near the store.

The employee asked the officers to have the car removed, so they called a tow truck. One officer, in accord with police department policy requiring that items in a vehicle with a value of $50 or more be inventoried, conducted a limited inventory search of the car. He found: (1) keys in the ignition; (2) a book bag containing a butane torch and several unused glass pipes on the front passenger seat near the driver; and (3) a camera case containing several baggies of what appeared to be methamphetamine and several glass pipes with what appeared to be methamphetamine residue on the floor. Based on what had been found during the inventory search, the officer decided to obtain a search warrant. A tow truck arrived and transported the car to a secure facility.

The officers, having received a warrant, searched the car again; a third officer also participated in the search. In addition to documents identifying appellant, they found: (1) a small tool kit with appellant's last name on it; (2) a digital scale of the type commonly used to measure drugs; (3) tweezers; (4) empty plastic baggies; (5) knives; (6) a sock containing individually wrapped pipes; (7) four baggies containing crystal methamphetamine; (8) a baggie with six Clonazepam pills; (9) several syringes; and (10) an ice-cream pail containing a white, crystal-like substance that appeared to be a cutting agent.

Appellant was charged with six counts of controlled-substance crime. His motion to suppress the evidence of the drugs found in the car was denied. Evidence presented at trial included testimony from the store employee and the three officers as well as a BCA lab report stating that the mixture containing methamphetamine found in the car weighed

3

3.042 plus-or-minus .008 grams. The jury found appellant guilty on all six counts, and he was sentenced to the presumptive 78 months in prison on his conviction of second-degree controlled substance crime.

He challenges his convictions, arguing that the district court erred in not suppressing the evidence and that the evidence was not sufficient to sustain his convictions.

**D E C I S I O N**

**1.      Denial of Motion to Suppress Evidence**

"When reviewing a district court's pretrial order on a motion to suppress evidence, we review the district court's factual findings under a clearly erroneous standard and the district court's legal determination de novo." *State v. Gauster*, 752 N.W.2d 496, 502 (Minn. 2008) (quotation omitted).

Appellant argues that there was no basis for the inventory search of the car, the search warrant, or the second search because impounding his car violated his Fourth Amendment right to be free from unreasonable searches and seizures. Thus, the question becomes whether the impoundment of appellant's vehicle violated his Fourth Amendment rights.

In an impoundment case, "the real question . . . is whether the impoundment was reasonable under the Fourth Amendment. An impoundment is reasonable if the state's interest in impounding outweighs the individual's Fourth Amendment right to be free of unreasonable searches and seizures." *State v. Rohde*, 852 N.W.2d 260, 264 (Minn. 2014) (emphasis and quotation omitted). "[A]n inventory search conducted pursuant to a standard police procedure prior to lawfully impounding an automobile [is] not

4

unconstitutional under the Fourth Amendment." *Gauster*, 752 N.W.2d at 502 (quotation omitted).

The issue then becomes whether the impoundment of appellant's car was lawfully impounded. "When the driver is arrested . . . the police have a reason to take responsibility for the vehicle." *Rohde*, 852 N.W.2d at 266 (citing *Gauster*, 752 N.W.2d at 507). Moreover, "the impoundment and towing statutes . . . authorize impoundment for safekeeping when the person in control of the vehicle is taken into custody." *Gauste*, 752 N.W.2d at 506 (citing Minn. Stat. § 169.041, subd. 4(12); Minn. Stat. § 168B.04, subd. 2). Appellant was taken into custody; impoundment of his vehicle for safekeeping was therefore authorized by statute and did not violate his Fourth Amendment rights.

Appellant argues that the police impounded his vehicle not because he was taken into custody but because the store employee asked them do so and maintains that the employee himself should have had the vehicle towed if he wanted it removed from the store's parking lot. But it was the police, not the employee, who were responsible for appellant not being able to drive his vehicle away from the lot, and the police who had access to a secure facility for the safekeeping of the car. There is no mention of any sign in the parking lot telling drivers that cars left there would be towed. It was 2:45 a.m., and there was no one present to take responsibility for appellant's vehicle. "[T]he Supreme Court [has] concluded that in such a case [where the driver has been arrested before the vehicle is impounded] the police should not have to take time to determine how the arrestee wants to dispose of his vehicle." *Id.* at 507 (citing *Colorado v. Bertine*, 479 U.S. 367, 368, 107 S. Ct. 738, 739 (1987)). Appellant's arrest put responsibility for his vehicle on the

police; that responsibility outweighed appellant's Fourth Amendment right to be free from unreasonable searches and seizures. *See Rohde*, 852 N.W.2d at 266, *Gauster*, 752 N.W.2d at 507.

Appellant also argues that the impoundment was unlawful because the vehicle was on private property, but offers no support for the view that the police had no responsibility for his vehicle because it was in the store's parking lot. Moreover, the officer testified that he saw the vehicle "parked directly in front of the [store's] main entrance doors with the driver's side door swung wide open" and realized that the vehicle "was obstructing and was going to be a hindrance to individuals who were coming to [the store.]" The fact that the vehicle was in a private parking lot rather than on a public street does not affect the officers' right to impound it after arresting the driver.

## 2. Sufficiency of the evidence

"Where there is a challenge to the sufficiency of the evidence, our review on appeal is limited to a painstaking analysis of the record to determine whether the evidence, when viewed in a light most favorable to the conviction, was sufficient to permit the jurors to reach the verdict which they did." *State v. Webb*, 440 N.W.2d 426, 430 (Minn. 1989).

Appellant argues that the evidence was insufficient because the BCA drug analyst's report did not indicate whether the weight of the four plastic baggies in which the mixture containing methamphetamine was found was considered. But the report said that the amount of the mixture containing methamphetamine was 3.042 plus-or-minus .008 grams, i.e. between 3.05 and 3.034 grams, and that "the uncertainty of the reported weight is expressed at the 95% confidence level." Clearly the jury believed that the amount found

was equal to or greater than the 3.000 grams needed for conviction of second-degree and third-degree controlled substance crimes.  The evidence of the report, viewed in the light most favorable to the conviction, was sufficient to allow the jurors to reach their verdict. *See id.*

**Affirmed.**